UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KIMBERLY LUDERUS

    Plaintiff,

    v.

U.S. HELICOPTERS, INC.

    Defendant.

No. 12-CV-5094
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Defendant has moved to dismiss Plaintiff's one-count complaint for gender discrimination, brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, for failure to state a claim and improper venue. For the following reasons, Defendant's motion is GRANTED in part and DENIED in part.

I.    FACTS

On June 26, 2012, Plaintiff filed a one-count complaint against her former employer, U.S. Helicopters. The complaint alleged one count of gender discrimination under Title VII. In the "STATEMENT OF FACTS" section, the complaint states:

> 12.    In June of 2010 and continuously thereafter, until August of 2010, plaintiff while meeting the minimum standards of her employer, U.S. Helicopters willfully discriminated against plaintiff because of her sex by treating her differently than male employees by disparate treatment in discipline and job performance.

The complaint does not allege any facts to describe *how* Plaintiff was treated differently than male employees, or to otherwise give Defendant notice of the specific conduct for which Plaintiff seeks redress under Title VII.

1

When Plaintiff began her employment with Defendant in March 2006, she signed an employment agreement that contained the following forum selection clause:

> [T]he parties specifically agree that in the event any controversy arises between the parties concerning this Agreement, or whether any of the terms hereto have been violated, that exclusive jurisdiction and venue to hear any such dispute is conferred upon the appropriate division of the North Carolina General Court of Justice sitting in and for Union County, North Carolina.

(Def. Ex. A at ¶ 12). Union County, North Carolina is Defendant's principal place of business.

II. ANALYSIS

Defendant moves to dismiss the complaint on the grounds that Plaintiff has failed to state a claim upon which relief can be granted, Rule 12(b)(6), and improper venue, Rule 12(b)(3). I address both arguments in turn.

A. 12(b)(6)

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Thus, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A professor of civil procedure looking to demonstrate to first-year law students the type of conclusory, fact devoid allegations that cannot survive 12(b)(6) challenges post *Twombly/Iqbal*, would be hard-pressed to find a better example than this complaint. Plaintiff

does not allege a single fact from which this Court can plausibly infer that she is entitled to relief. The Complaint contains nothing more than "abstract recitations of the elements of a cause of action," *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009), and as such it cannot survive the 12(b)(6) challenge.

Plaintiff's argument that the "facial plausibility" standard applies only "when cases are especially complex or where pretrial discovery would be especially burdensome to a defendant if pleading standards were not heightened," is so frivolous as to be sanctionable under Rule 11. *See Id.* ("[*Iqbal*] clarified that *Twombly*'s plausibility requirement applies across the board, not just to antitrust cases.").

This is not to say that Rule 8 requires Plaintiff to plead a *prima facie* case, or allege facts that go to every element of the claim. The *prima facie* showing is a summary judgment hurdle that tests whether, post-discovery, a reasonable jury could find that adequate evidence has been put forth to meet every claim element. That is to say, the *prima facie* showing is an evidentiary standard, not a pleading requirement. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). To satisfy Rule 8 pleading requirements, the Plaintiff must only allege sufficient facts for the court to plausibly infer that, when the time comes, Plaintiff will be able to put forth the necessary evidence.

Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim is GRANTED.

B.  12(b)(3)

Defendant next moves to dismiss for improper venue based on the forum selection clause contained in its employment agreement with Plaintiff. A forum selection clause is presumptively valid and enforceable unless "(1) its incorporation into the contracts was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult

3

and inconvenient that [the complaining party] will for all practical purposes be deprived of its day in court; or (3) [its] enforcement . . . would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision." *AAR Intern, Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 525 (7th Cir. 2001) (citation and internal quotation marks omitted).

Plaintiff argues that her statutory antidiscrimination claim falls outside the scope of the forum selection clause, which she believes applies only to contractual disputes. Even if the forum selection clause encompasses her statutory claim, she argues that Title VII's special venue provision, 42 U.S.C. § 2000e-5(f)(3), overrides it as a matter of public policy.

I begin with the latter argument. Title VII's special venue provision provides:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of section 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

Some district courts have refused to apply forum-selection clauses to Title VII claims on the grounds that doing so would contravene important public policy interests reflected in Title VII's special venue provision—namely, reducing obstacles for aggrieved parties seeking to enforce their civil rights. *See, e.g., Smith v. Kyphon Inc.*, 578 F.Supp.2d 954, 959-61 (M.D. Tenn. Sep. 22, 2008); *Thomas v. Rehab. Services of Columbus Inc.*, 45 F.Supp.2d 1375, 1379-81 (M.D. Ga. Mar. 19, 1999). Other district

4

courts have declined to categorically invalidate private forum selection clauses in Title VII cases, and instead have treated the special venue provision as one factor to be weighed in the traditional venue analysis. *See, e.g., Chapman v. Dell Inc.*, No. 09-C7, 2009 WL 1024635, at *3 (W.D. Tex. Apr, 15, 2009); *Tuoni v. Elec. Evidence Discovery Inc.*, No. 10-C2235, 2010 WL 5441656, at *4 (D.N.J. Dec. 23, 2010). Neither the Supreme Court nor the Seventh Circuit has directly addressed whether, or to what extent, private forum selection clauses are enforceable in the context of Title VII actions.

To determine the enforceability of the forum selection clause at issue in this case, I first consider whether Title VII's special venue provision reflects "a strong public policy . . . declared by statute." *AAR Intern*, 250 F.3d at 525. While no public policy interest is explicitly mentioned in the text of the special venue provision, such an interest is discernible by comparing the special venue provision to the general venue provision for civil actions, 28 U.S.C. § 1391, and by weighing the special venue provision's role in Title VII's overall enforcement regime.

28 U.S.C. § 1391 is the general venue provision for civil actions brought in federal court. It provides, in pertinent part:

> **(b) Venue in general.** –A civil action may be brought in—
>
>   (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>   (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;
>
>   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

While § 1391(b)(1) reflects an obvious Congressional desire to avoid inconvenience to defendants, Title VII's special venue provision reflects the *opposite* concern. Under 42 U.S.C. § § 2000e-5(f)(3), venue is considered proper in the judicial district in which the defendant maintains his principal office (presumably the most convenient forum for the defendant) only if the defendant is not found in 1) the state in which the alleged discrimination occurred; 2) the judicial district in which relevant employment records are kept; or 3) the judicial district in which the Plaintiff would have worked but for the alleged discriminatory practice—all districts that are presumably more convenient for the plaintiff. *Id*. The most plausible interpretation of Congress's choice to make the defendant's principal place of business the venue of last resort is that it was concerned "that national companies with distant offices might try to force plaintiffs to litigate far from their homes," and thereby chill private enforcement of civil rights by making private suits cost prohibitive. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

That Congress would be concerned with employer attempts to raise the costs of litigating Title VII claims is not surprising. In crafting Title VII, Congress entrusted private party litigants to serve as the primary regulators of employment discrimination in this country. J. Maria Glover, *The Structural Role of Private Enforcement Mechanisms in Public Law*, 53 Wm. & Mary L. Rev. 1148-50. Indeed, in the past ten years, 98 percent of job discrimination suits were brought by private parties, while only two percent were prosecuted by the federal government. *Id*. at 1149-50 (citing SEAN FARHANG, THE LITIGATION STATE 3 (2011)). Forum selection clauses that require plaintiffs to litigate in distant forums therefore threaten to significantly undermine Title

6

VII's primary enforcement mechanism.[1]

Based on the above, I conclude that Title VII's special venue provision is an embodiment of Congress's desire to encourage broad private regulation of employment discrimination. The venue provision plays a direct role in facilitating this private regulation by affording plaintiffs a broad range of alternative venues, which lowers the cost of bringing suit. The special venue provision also reflects a public policy interest in having Title VII cases litigated in the forums most affected by the alleged discrimination. Only as a last resort did Congress think Title VII suits were properly brought in the judicial district in which the defendant has "his principal office"—and this because litigating in the forum of the principal place of business might raise the costs of bringing suit for plaintiffs, and because that forum is often not as directly concerned with the discriminatory conduct.

Defendant points out that the Supreme Court has upheld employment contracts requiring arbitration of statutory antidiscrimination claims. *See, e.g., 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009). In upholding these arbitration clauses, the Court has stated, "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). Thus, by analogy, Defendant argues that the forum selection clause in this case is enforceable because it does not require Plaintiff to forego her substantive rights under

---

[1] Title VII's special venue provision is complemented by other liberal enforcement provisions that evidence Congress's desire to lower the costs of suit for private litigants. Chief among these is the attorney's fee-shifting provision, 42 U.S.C. § 2000e-5(k). *See also* Piper Hoffman, *How Many Plaintiffs Are Enough? Venue in Title VII Class Actions*, 42 U. Mich. J. L. Reform 843, 851-852 (2009).

Title VII, but merely restricts her choice of forum.

I disagree. Forum selection clauses differ from arbitration agreements in several substantive ways, and these differences undermine Defendant's argument that the enforceability of one necessitates the enforceability of the other in the context of statutory antidiscrimination claims. First, in passing the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, Congress expressed "a liberal federal policy favoring arbitration agreements." *Gilmer*, 500 U.S. at 25. In light of this clear Congressional policy preference, the Supreme Court has treated all statutory claims as presumptively subject to arbitration "unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Id*. at 26. But Congress has expressed no such favoritism toward forum selection clauses. Since the Supreme Court decided *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), federal courts have widely enforced reasonable forum selection clauses, but that is based on traditional contract principles of holding parties to their own agreement, not on a clear policy preference expressed by the national legislature. Thus, the absence of a clear Congressional intention to preclude waiver of Title VII's special forum selection clause should not be afforded the same presumptive weight as in the arbitration context.

Second, the Supreme Court has required that agreements to arbitrate statutory antidiscrimination claims be "explicitly stated" in "clear and unmistakable" terms before an employee will be deemed to have waived her right to redress in court. *Wright v. Universal Maritime Service Corp.*, 525 U.S. 70, 79-80 (1998); see also *14 Penn Plaza*, 556 U.S. at 260-262 (explaining its ruling in *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974)). The employment agreement in this case does not make explicit that the

forum selection clause pertains to statutory claims in addition to purely contractual disputes. Thus, if I apply the arbitration analogy as Defendant urges, Plaintiff's Title VII claim falls outside the scope of the forum selection clause (which Plaintiff also argues).

Third, arbitration lowers the cost of dispute resolution for all parties. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001) ("Arbitration agreements allow parties to avoid the costs of litigation, a benefit that may be of particular importance in employment litigation, which often involves smaller sums of money than disputes concerning commercial contracts."). Thus, the enforcement of employment agreements to arbitrate statutory discrimination claims does not pose the same cost-prohibitive, enforcement-chilling effect as do forum selection clauses that require plaintiffs to litigate statutory claims in far off districts. Based on the above, I reject Defendant's attempt to analogize the enforceability of forum selection clauses with arbitration agreements.

I conclude that forum selection clauses contained in employment agreements are unenforceable insofar as they preclude plaintiffs from filing Title VII claims in any of Congress's three preferred forums under 42 U.S.C. § 2000e-5(f)(3)—the state in which the alleged discrimination took place, the judicial district in which relevant employment records are kept, or the judicial district in which the aggrieved party would have worked but for the unlawful practice.

Defendant's Rule 12(b)(3) motion to dismiss for improper venue is DENIED.

III. CONCLUSION

For the foregoing reasons, the Complaint is DISMISSED without prejudice. Plaintiff is granted leave to amend pursuant to Rule 15(a). *See Crestview Village Apartments v. U.S. Dept. of Housing and Urban Development*, 383 F.3d 552, 557-558 (7th Cir. 2004).

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: February 25, 2013